# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. EDWARD FRANK BREWER, Defendant. | No. 08-mj-353<br><br>ORDER FOR PRETRIAL DETENTION |

On the 15th day of October, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Stephanie M. Rose. The Defendant appeared personally and was represented by Attorney JoAnne M. Lilledahl.

## RELEVANT FACTS

On October 9, 2008, Defendant Edward Frank Brewer was charged by Criminal Complaint (docket number 1) with distribution of crack cocaine. Following a Preliminary Hearing held contemporaneously with the instant detention hearing, the Court found probable cause to believe that Defendant committed the crime described in the Complaint. Accordingly, Defendant was bound over for further action by the Grand Jury.

Steven Warner, an officer with the Iowa Department of Correctional Services assigned to the DEA Task Force, testified regarding four incidents which give rise to the instant charge. According to Officer Warner, on September 19, 2008, Defendant delivered one-half ounce of crack cocaine to a confidential source ("CS") in exchange for $800. The CS was accompanied at that time by Officer Kelly Meggers, acting undercover. The transaction was recorded and surveilled by other officers. Defendant was detained in

a traffic stop following the transaction and serialized money used in the transaction was found on Defendant's person.

On September 23, 2008, Officer Meggers called Defendant and arranged for the purchase of one ounce of crack cocaine for $1,600. The transaction occurred in the parkade at Lindale Mall in Cedar Rapids, Iowa. Following Defendant's instructions, Officer Meggers proceeded to a Burger King cup left in the parkade. Officer Meggers removed the crack cocaine from under the cup and replaced it with the money. That is, the transaction was not a "hand-to-hand" transaction.

On September 30, 2008, Officer Meggers met with Defendant at the Tan Tara Apartments in Cedar Rapids. Defendant entered Officer Meggers' vehicle and delivered crack cocaine in a hand-to-hand transaction. Officer Meggers saw Defendant remove the crack cocaine from his pocket. The transaction was recorded and surveilled by other officers.

On October 9, 2008, Officer Meggers called Defendant and negotiated the purchase of three ounces of crack cocaine in exchange for $4,800. The deal was to occur at the Lindale Mall in Cedar Rapids. Surveillance officers saw a purple Grand Am in the area which had been used during the transactions on September 23 and September 30. The car was being driven by Defendant's girlfriend, Rosina Rhodes.[1] Officers observed Defendant arrive in a Lincoln Town Car. After stopping and talking to Rhodes, Defendant proceeded to the parking lot near the Sears store, where Officer Meggers was waiting in her vehicle.

Defendant then entered Meggers' vehicle. Defendant refused to produce the crack cocaine without seeing the money and Meggers refused to show the money without seeing the crack cocaine. Meggers and Defendant then drove to the other end of Lindale Mall, where Defendant told Meggers to go into the parkade. She was uncomfortable doing so,

---

[1] In the Pretrial Services Report, Defendant's girlfriend's name appears as Rocina Rose.

however, and they drove back to the area outside the Sears store. At that time, Defendant got out of the vehicle and was arrested.

Also arrested at that time was Rosina Rhodes. A search of the parkade resulted in the discovery of three ounces of crack cocaine found in a Kohl's bag, near the area where the Burger King cup had been left on September 23. A loaded handgun was found in the trunk of the vehicle driven by Rhodes. The drugs involved in all four transactions field-tested positive for cocaine.

According to the Pretrial Services Report, Defendant is 31 years old and has lived in Cedar Rapids, Iowa, for approximately five years. Defendant was born and raised in Chicago, Illinois, and lived in Georgia for one year. Defendant has never been married, but has three children from three relationships. Defendant has worked "odd jobs" for the past two years.

Defendant does not have any medical or mental health problems. Defendant admits using marijuana about two times per month since age 22 and told the pretrial services officer that he has used cocaine about two times a month for the last year.

In 1996, Defendant was convicted of possession of a controlled substance in Cook County, Illinois, and was sentenced to one year imprisonment. Since 2001, Defendant has at least 23 convictions, including theft, "disorderly conduct/fighting," domestic abuse assault, interference with official acts, harassment in the third degree, carrying a concealed weapon, possession of drug paraphernalia, trespass, assault, operating a motor vehicle while under the influence, and eluding. According to the Pretrial Services Report, Defendant failed to appear in court on September 30, 2008 on a driving while license suspended charge.

According to Brewer's counsel, if he were released, Brewer could live with Marilyn Jackson and work part time in her beauty supply store. Work would also be available through Cambridge Temporary Services. Ms. Lilledahl also represented that Defendant is a student at Kirkwood Community College.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. As set forth above, the Court has found probable cause to believe that Defendant distributed crack cocaine, in violation of 21 U.S.C. § 841. In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with distribution of crack cocaine, in violation of 21 U.S.C. § 841. This charge establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community.

This case involves the alleged distribution of crack cocaine. The evidence against Defendant would appear to be strong. Defendant is a regular user of controlled substances, does not have steady employment, and has limited ties to the community. Defendant has a substantial prior criminal record, including convictions for drug offenses and crimes of violence. If convicted on these charges, Defendant faces a substantial prison term.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no

condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 9, 2008) to the filing of this Ruling (October 16, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 16th day of October, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA